UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIANE BRADBURY,

        Plaintiff,

                                                    CASE NO. 2:13-CV-13376
v.                                           HONORABLE GERSHWIN A. DRAIN

NURSES HAMMOND and MCCARTHY

        Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I.**

The Court has before it Plaintiff Juliane Elizabeth Bradbury's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In her complaint, Plaintiff states that she injured her back and received medical treatment on October 10, 2012. While awaiting care, she had to urinate and asked to use a bed pan. Nurse Hammond responded to her request, removed her pants and underwear, and placed her on a bed pan. Plaintiff asserts that Nurse Hammond left her on the bed pan with the door open and her lower body exposed to passerby for 30 minutes. Plaintiff states that Nurse McCarthy failed to properly respond to her grievance concerning the incident. Plaintiff asserts a violation of prison policies and regulations and a violation of her Eighth Amendment right to be free from cruel and unusual punishment. She seeks monetary damages for mental anguish and emotional distress. Having reviewed the

complaint, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted and dismisses the complaint. The Court also concludes that an appeal from this decision cannot be taken in good faith.

## II.

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service upon a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III.

To state a federal civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

A *pro se* civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint

set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

Plaintiff's complaint is subject to dismissal for several reasons. First, to the extent that she asserts that the defendants violated certain prison policies and regulations, she fails to state a claim upon which relief may be granted under § 1983. An alleged failure to comply with a state law, prison rule, or regulation, standing alone, does not state a claim under § 1983. *See, e.g., Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *see also Cotten v. Davis*, 215 F. App'x 464, 468 (6th Cir. 2007) ("there is no constitutionally protected liberty interest in having a state parole board follow its own statutes and regulations"). A plaintiff must allege a violation of federal law. Thus, to the extent that

Plaintiff alleges a violation of state law or prison policy, she fails to state a claim upon which relief may be granted under § 1983.

Plaintiff also fails to state a claim upon which relief may be granted as to Nurse McCarthy because she fails to allege facts demonstrating Nurse McCarthy's personal involvement in the actions giving rise to the complaint. It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so. Her assertion that Nurse McCarthy failed to supervise Nurse Hammond, should be vicariously liable for Nurse Hammond's conduct, erred in denying a grievance, and/or did not sufficiently respond to the situation is insufficient to state a civil rights claim. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff also does not allege facts to show that any injury she suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Plaintiff thus fails to state a claim upon which relief may be granted as to Nurse McCarthy.

Plaintiff alleges that Nurse Hammond subjected her to cruel and unusual punishment in violation of the Eighth Amendment. To state such a claim, a prisoner must allege that

4

the offending conduct constitutes an "unreasonable and unwanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977). Such a claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component requires that the pain be serious or concern the deprivation of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The subjective component requires that the offending conduct be intentional or deliberately indifferent. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Wilson*, 501 U.S. at 301-03.

Plaintiff fails to allege facts to support an Eighth Amendment claim. Assuming that Plaintiff meets the subjective component, that Nurse Hammond acted intentionally or with deliberate indifference, she fails to meet the objective component. Although prisoners may retain reasonable expectations of bodily privacy in prison, *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992), such rights are necessarily curtailed due to the fact of confinement. Being left on a bed pan partially exposed to passing staff members for a limited period of time (30 minutes) during the course of medical treatment, simply does not rise to the level of a constitutional violation. *See, e.g., Whitman v. Nesic*, 368 F.3d 931, 935 (7th Cir. 2004) ("Being made to stand naked twenty minutes as part of a random drug-testing policy is not a sufficiently-serious condition of confinement to rise to the level of a constitutional violation"); *Hernandez v. Ylst*, 17 F.3d 394 (9th Cir. 1994) (female prison employee's one-time view of male prisoner's buttocks during administration of medication

5

did not violate his privacy rights); *cf. Mills v. City of Barbourville*, 389 F.3d 568, 579 (6th Cir. 2004) (recognizing that a prison policy which exposes prisoners to routine strip searches or regular surveillance while naked by officers of the opposite sex could state a claim for relief). While the Court is sympathetic to Plaintiff's concerns, it finds that any discomfort or privacy deprivation endured by Plaintiff, particularly during the course of medical treatment in the prison setting, was brief and *de minimis*. Plaintiff fails to state an Eighth Amendment claim.

Moreover, even if Plaintiff states a constitutional claim, her complaint is nonetheless subject to dismissal because she seeks damages for mental anguish and emotional distress. The PLRA specifically provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005). While the injury need not be significant, it must be more than *de minimis*. *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010). This bar applies to statutory and constitutional claims. *Robinson v. Corrections Corp. of America*, 14 F. App'x 382, 383 (6th Cir. 2001). Plaintiff fails to allege any facts to establish a physical injury resulting from the disputed conduct. The United States Court of Appeals for the Sixth Circuit has upheld the dismissal of claims for purely emotional injury, humiliation, or affronts to dignity as lacking the required *de minimis* injury. *See, e.g., Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. May 28, 2003) (affirming dismissal of claims for mental or emotional injury arising out of strip searches); *Robinson*, 14 F. App'x at 383 (affirming dismissal of claims for "emotional distress, embarrassment, humiliation, and itching"); *Bey v. Garber*, 215 F.3d 1325 (table), 2000 WL 658721, *1 (6th Cir. May 12,

2000) (inmate's alleged embarrassment from being seen naked by female staff did not satisfy the physical injury requirement); *see also Tuttle v. Carroll Co. Detention Ctr.*, No. 2:10-12-DCR, 2010 WL 2228347, *2 (E.D. Ky. June 2, 2010) (dismissing prisoner's complaint alleging that his privacy and dignity were violated by the grabbing of his testicles during pat-down search). Plaintiff's complaint must therefore be dismissed.

### IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in his complaint. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's complaint. The Court further concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED.**

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2013